# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SWEET STREET DESSERTS, INC., | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 12-6115 |
| | : | |
| BETTER BAKERY, LLC, | : | |
|     Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                      January 7, 2013

    Sweet Street Desserts, Inc., a Pennsylvania corporation, has filed a complaint against Better Bakery, LLC, a California limited liability company, seeking preliminary injunctive relief for violations of the Lanham Act and common law unfair competition. It also seeks damages based upon Better Bakery's breach of contract, unjust enrichment, and misappropriation of Sweet Street's trade secrets. A hearing has been scheduled in January 2013 to consider Sweet Street's motion for preliminary injunction. Better Bakery has filed a motion to dismiss Counts II, III, and IV of the complaint, to which Sweet Street responded in vigorous opposition. For the reasons that follow, I will grant the motion in its entirety.

## I. BACKGROUND

    Plaintiff Sweet Street is in the business of research, design, manufacture, supply and distribution of specialty baked goods. It characterizes itself as among the most successful, well-known, and respected designers and suppliers of such baked goods in its industry. According to market research, Sweet Street is the most well-regarded brand in

its competitive set of nine major dessert producers. Currently, Sweet Street works with over one thousand distributors throughout the United States and in fifty-five other countries.

In July 2011, Thomas Henzi, a pastry chef with a background in the commercial food product industry approached Sweet Street with a request that Sweet Street evaluate and consider working with him to develop further a distinctive pretzel sandwich for sale through Sweet Street's national and global distribution network. Sweet Street agreed and proceeded to expend considerable time and resources to develop this new type of rolled pretzel product, to be known as the "Sweet Street Pretzel Sandwich."

Defendant Better Bakery, at Mr. Henzi's direction, had already attempted to make a prototype of the stuffed pretzel but was unsuccessful. Thereafter, in the fall of 2011, Sweet Street began to discuss the potential for the defendant to work with Sweet Street in designing the Sweet Street Pretzel Sandwich. The defendant would also benefit from this arrangement through assisting in the development of the pretzel sandwich and the opportunity to manufacture the product on behalf of Sweet Street.

In order to protect the sharing of confidential information between the plaintiff and the defendant, the parties executed a preliminary Mutual Confidentiality Agreement on September 28, 2011, followed by a superseding Confidentiality and Non-disclosure Agreement, executed on November 2, 2011. The defendant admitted to the plaintiff that as of that date it was not independently making any filled pretzel products.

The complaint and motion for preliminary injunction allege that this new product was to be distinctive in its unique design features and the recipe used. The visual appeal

designed by the plaintiff was allegedly more desirable than prior "stuffed pretzel" products on the market. The plaintiff wanted its product to reveal through distinctive angled slits on the surface, the contents "stuffed" inside. As the production and design of the pretzel proceeded, the plaintiff took many steps using its proprietary knowledge and expertise to amplify its quality, appeal, and distinctiveness. Because it viewed the defendant as the baker of the prototypes and the eventual producer of the final product, the plaintiff shared all of these steps with the defendant.

Meanwhile, the plaintiff spent a lot of time, effort, and resources to present prototypes of the pretzel sandwich to customers in Chicago, the West Coast, and the East Coast for feedback prior to the product's launch. It then revealed the confidential and proprietary results of this market research to the defendant in order to continue to develop and refine the design of the sandwich. Bryan Freeman, the defendant's principal, acknowledged the unique aspects of the design and agreed in an email that the critical consumer appeal-related design creations are proprietary to Sweet Street.

The parties continued to collaborate. However, the defendant could not meet the plaintiff's requirement of consistent execution of its exacting standards. To assist with that, the plaintiff gave the defendant confidential information regarding modifications so the defendant could satisfactorily manufacture the sandwich.

According to the complaint, the defendant developed a secret scheme to steal the design and qualities of the pretzel sandwich. It also secretly schemed to begin marketing and selling a knock-off product, in violation of the parties' agreements.

3

In October 2012, the plaintiff learned that the defendant had begun surreptitiously selling a knock-off of the product, on a large-volume scale, including to numerous Sam's Clubs. The plaintiff also learned that the defendant was actively interviewing regional food service brokers in order to assist in the launch of pretzel products as if they were the defendant's own products. The knock-offs specifically used the design elements created by the plaintiff and protected by the agreement, including the wide top slits and numerous other appeal-enhancing design elements of the product that were developed expressly by Sweet Street and acknowledged in writing by the defendant to be Sweet Street's own design features.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008). Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as

true but may disregard legal conclusions. Iqbal, 556 U.S. at 679. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id.; see also Phillips, 515 F.3d at 234-235. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Iqbal, 556 U.S. at 678 (quoting in Twombly, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

### III. DISCUSSION

In Count II of the complaint, Sweet Street alleges a "reverse passing off" claim under the Lanham Act, 15 U.S.C. Sec. 1125(a). See Compl. ¶¶ 43-53. "Passing off" occurs when a producer misrepresents his own goods or services as someone else's. See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28 n.1 (2003). "Reverse

5

passing off" occurs when the producer misrepresents someone else's goods or services as the producer's own. Id. As the Supreme Court noted, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits actions like trademark infringement that deceive consumers and impair a producer's goodwill. Id. at 32. For example, it forbids "the Coca-Cola Company's passing off its product as Pepsi-Cola or reverse passing off Pepsi-Cola as its product." Id. The Court also cautioned, however, that § 43(a) "does not have boundless application as a remedy for unfair trade practices." Id. at 29. "Because of its inherently limited wording, § 43(a) can never be a federal 'codification' of the overall law of 'unfair competition,' but can apply only to certain unfair trade practices prohibited by its text." Id. (internal citations omitted).

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125(a). "Reading the phrase 'origin of goods' in the Lanham Act in accordance with the Act's common-law foundations (which were *not* designed to protect originality or creativity), and in light of the copyright and patent laws

(which *were*), [the Supreme Court concluded] that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods."[1] Id. at 37 (emphasis in original).

Here, Sweet Street claims that it owns the concept[2] and/or design to the pretzel-type sandwich and that by selling a "knock-off" product featuring Sweet Street's design, Better Bakery committed reverse passing off. See Compl. ¶¶ 44-47. The "knock-off" product was sold by Better Bakery under its own name, and was produced by Better Bakery at Better Bakery's own facility. Accordingly, notwithstanding the plaintiff's claims to the contrary, Better Bakery is the originator of the "knock-off" product at issue, and Section 43(a) of the Lanham Act can provide no relief to the plaintiff as the author of the product's concept. I will grant the defendant's motion to dismiss Count II of the complaint.

In Count III, Sweet Street claims that Better Bakery made false and misleading statements regarding the pretzel sandwiches it has marketed by labeling and branding them as created, developed, and produced by Better Bakery. See Compl. ¶ 55. It further contends that the pretzel sandwiches marketed and sold by Better Bakery were not created, developed or produced by Better Bakery, but by Sweet Street. Id. at ¶ 56.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), also provides:

---

[1] Even in the face of this clear guidance from the Supreme Court, the plaintiff still insists that the pretzel product sold by Better Bakery is Sweet Street's product because "Sweet Street is solely responsible for the creation, design, testing, and production of this successful and unique product." See Document #19 at 9 and 10.

[2] I note that Sweet Street neither asserts a copyright or patent claim associated with such a concept, nor does it assert a claim for trade dress infringement.

7

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125(a). To establish a false advertising claim under the Lanham Act, a plaintiff must prove that: (1) the defendant made false or misleading statements as to its own product, or another's; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and 5) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc. <u>Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.</u>, 653 F.3d 241, 248 (3d Cir. 2011) (quoting <u>Warner-Lambert v. Breathasure</u>, 204 F.3d 87, 91-92 (3d Cir. 2000).

Here, the complaint does not specify what, if any, statements made by Better Bakery were false or misleading. For purposes of this motion, I will presume that the plaintiff intended to imply that the defendant's mere act of placing the product in the marketplace was an attempt to mislead the public into believing that the defendant misrepresented "the nature, characteristics, qualities, or geographic origin" of the product. What is apparent, however, is that the plaintiff' challenge is based solely on the

defendant's alleged false attribution of the authorship of the pretzel sandwich. Indeed, at the very core of this action is the plaintiff's belief that it is being damaged by the defendant's misleading the public into thinking that the original concept of the product was that of the defendant and not of the plaintiff. False attribution of the authorship of an invention or innovation is not an actionable false advertisement under § 43(a) of the Lanham Act. Baden Sports, Inc. v. Molten USA, Inc., 556 F.3d 1300, 1307 (Fed. Cir. 2009). In Baden, the Federal Circuit found that "false attribution of the authorship of [an] innovation" does not "go to the nature, characteristics, or qualities of the goods, and [is] therefore not actionable under section 43(a)(1)(B)." Id. at 1308 (citing Dastar Corp. 539 U.S. at 37). In fact, false advertising claims for false designation of authorship would create an overlap between the Lanham and Patent Acts. Baden, 556 F.3d at 1307. Moreover, the Ninth Circuit Court of Appeals has held that the "nature, characteristics, and qualities" language of Section 43(a)(1)(B) does not refer to the licensing status of a copyrighted good, and to avoid the overlap between the two Acts, Section 43(a)(1)(B) must refer to "the characteristics of the good itself." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1144 (9th Cir. 2008). Accordingly, because authorship is not a nature, characteristic, or quality, as those terms are used in Section 43(a)(1)(B) of the Lanham Act, I will grant the defendant's motion to dismiss Count III.

In Count IV, the plaintiff brings a claim for common law unfair competition. It alleges that Better Bakery misled the public to believe that the pretzel sandwiches it marketed and sold were the product of Better Bakery, even though "they were and are the product of Sweet Street." See Compl. ¶ 70. Further, the plaintiff insists, Better Bakery

9

"misled the public to believe that [it] was the source and origin of the Sweet Street Pretzel Sandwich when, in fact, Sweet Street was the source and origin of the Sweet Street Pretzel Sandwich." Id. at ¶ 71.

Under Pennsylvania law, the elements necessary to prove unfair competition through false advertising parallel those elements needed to show a Lanham Act violation, absent the requirement for goods to travel in interstate commerce. R.J. Ants, Inc. v. Marinelli Enters., LLC, 771 F. Supp. 2d 475, 489 (E.D. Pa. 2011). Therefore, because my analysis and disposition of the two Lanham Act claims apply equally to the common law unfair competition claim, I will grant the defendant's motion to dismiss Count IV of the complaint.

An appropriate Order follows.