# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SWEET STREET DESSERTS, INC.,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 12-6115** |
| | : | |
| **BETTER BAKERY, LLC,** | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                       **December 11, 2017**

  Defendant Better Bakery has moved for an award of $450,000 in attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. For the following reasons, I will deny the motion in its entirety.

## I. BACKGROUND[1]

  In the fall of 2011, Sweet Street approached Better Bakery proposing that the two collaborate in an effort to produce a new pretzel sandwich product. The parties entered into a Confidentiality and Nondisclosure Agreement (the "NDA") on November 2, 2011 and began a relationship of collaboration for the purpose of producing the pretzel sandwich. The parties communicated and exchanged information on how best to produce the product to the desired specifications. Sometime after entering into the NDA, Sweet Street believed that the two parties had entered into an oral exclusive requirements contract related to the design, manufacture, and supply of the pretzel sandwiches.

---

[1] For a full account of the factual record see Sweet St. Desserts, Inc. v. Better Bakery, LLC, 2015 U.S. Dist. LEXIS 95913, *2-13 (E.D. Pa. Jul. 23, 2015).

The working relationship between Better Bakery and Sweet Street turned sour in 2012. In March of that year, Brian Freeman of Better Bakery was "refusing to communicate" with Sweet Street's CEO, Sandy Solmon. Solmon, "frustrated that her months of effort and collaboration with [Better Bakery] had been wasted," sent an email to two Sweet Street employees stating that she wanted Brian Freeman of Better Bakery to "suffer." In the summer of that year, Sweet Street discovered that Better Bakery had produced its own pretzel sandwich and had been selling that product at Sam's Club, Costco, Wal-Mart, and BJ's stores. Sweet Street, believing it had protectable intellectual property rights in the pretzel sandwich it had been developing with Better Bakery, brought suit against its former collaborating partner.

**II. LEGAL STANDARD**

Rule 54(d)(2) of the Federal Rules of Civil Procedure provides that, except under some conditions, within fourteen days after entry of judgment the prevailing party may file a motion claiming "attorney's fees and related nontaxable expenses." Fed.R.Civ.P. 54(d)(2)(A) and (B)(i). The motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Id. at (B)(ii) and (iii). The opposing party must be given an opportunity to state its objections to the motion. Id. at (C).

Here, Sweet Street's claims II, III, and IV of the complaint were dismissed on January 1, 2013. See Document #24, Sweet St. Desserts, Inc. v. Better Bakery, LLC, Civ. A. No. 12-6115, 2013 WL 81385 (E.D. Pa. Jan. 7, 2013). Thereafter, summary judgment was granted in favor of Better Bakery on all of Sweet Street's remaining claims

on July 23, 2015.  See Sweet St. Desserts, Inc. v. Better Bakery, LLC, 2015 U.S. Dist. LEXIS 95913 (E.D. Pa. Jul. 23, 2015).  Better Bakery's counterclaims against Sweet Street were then dismissed with prejudice on February 18, 2016.  See Document #85.  Better Bakery timely filed its Motion to Recover Attorney's fees, now before the court, on March 3, 2016.  Sweet Street has responded.  In its motion, Better Bakery argues that four separate grounds entitle it to an award of attorney's fees: (1) 28 U.S.C. § 1927; (2) the Lanham Act; (3) 12 Pa.C.S.A § 5305(1); (4) and the court's inherent power to sanction.

### III.  DISCUSSION

**A.  Better Bakery is the Prevailing Party.**

Sweet Street does not dispute that Better Bakery is the prevailing party in this case.  In determining the prevailing party, the Third Circuit examines whether the plaintiff achieved some of the benefit sought by the party bringing the suit.  Tyler v. O'Neil, 112 F.App'x 158, 161 (3d Cir. 2004).  Where, as here, a defendant has successfully defended against a plaintiff's substantial claims and a judgment has been entered accordingly, the defendant is generally considered the prevailing party for Purposes of Rule 54(d)(1).  Id. (citing Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998).  The fact that Better Bakery dismissed its counterclaims does not mean that it cannot be the prevailing party.  In fact, Judge Friendly of the Second Circuit rejected this view and held that the defendant is the prevailing party, despite an adverse judgment on its counterclaims.  See Scientific Holding Co. v. Plessy Inc., 510 F.2d. 15, 28 (2d Cir. 1974).

3

### B. Recovery of Attorneys' Fees Under 28 U.S.C. § 1927

Better Bakery first asserts that it has a right to recover attorney's fees under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1999). The statute, therefore, limits attorney sanctions imposed thereunder to instances where an attorney has: (1) multiplied the proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct. See In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 188 (3d Cir. Jan. 24, 2002). The purpose of such sanctions is to deter an attorney from intentionally and unnecessarily delaying judicial proceedings. LaSalle Nat'l Bank v. First Conn. Holding Group LLC XXIII, 287 F.3d 279, 288 (3d Cir. Apr. 24, 2002). Sanctions are limited to the costs that result from such delay. Id.

Courts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice. Ford v. Temple Host., 790 F.2d 342, 347 (3d Cir. 1986) (quotations omitted). "The power to sanction under § 1927 necessarily 'carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" LaSalle, 287 F.3d at 289 (quoting Mone v. Commn'r of Intern. Revenue, 774 F.2d 570, 574 (2d Cir. 1985)).

Due to this potential for abuse, it has been well-established that sanctions may not be imposed under § 1927 without a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal. LaSalle, 287 F.3d at 289. Under § 1927, an attorney's "conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." Baker Industr. Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985). Further, courts "should resist temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff ultimately did not prevail, his action must have been unreasonable or without foundation." Deyo v. St. Luke's Hospital and Health Network, 2010 U.S. Dist. LEXIS 39014, *8 (E.D. Pa. Apr. 19, 2010).

Here, Sweet Street's claims were well-reasoned, supported by case law, and based in the factual record of the case, which included written discovery, exhibits, and deposition testimony. There is nothing in the record that shows Sweet Street's attorney acted in an egregious nature that would warrant sanctions under § 1927. Here, awarding attorney's fees would venture too closely to *post hoc* reasoning that simply because Sweet Street did not ultimately prevail, its action must have been unreasonable. For this reason, Better Bakery's motion to recover attorney's fees under § 1927 is denied.

**C. Recovery of Attorneys' Fees Under the Lanham Act**

Better Bakery next argues that it has a right to recover attorney's fees under the Lanham Act. The Lanham Act permits "the court in exceptional cases [to] award reasonable attorney fees to the prevailing party." 5 U.S.C. § 1117(a). The Act does not, however, define "exceptional." Recently, the Supreme Court of the United States ruled

on the meaning of identical language found in § 285 of the Patent Act.[2]  See Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1755-56 (2014).  In Octane Fitness, the Court construed "exceptional" in accordance with its ordinary meaning and held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated."  Id.  The Court then stated that district courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances.  Id.

The Third Circuit Court of Appeals has applied this same standard to the interpretation of § 1117(a) of the Lanham Act.  Fair Wind Sailing v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014).  "A district court must make a finding of culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement, before a case qualifies as 'exceptional.'"  Securacomm Consulting, Inc. v. Securacomm Inc., 224 F.3d 273, 280 (3d Cir. 2000) (quoting Ferro U.S.A. Inc. v. Ozark Trading, Inc., 952 F.2d 44, 27 (3d Cir. 1991).  This court has found a case to be exceptional where there was direct evidence of misconduct occurring during discovery.  In Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc., the record showed evidence of what the court described as chicanery by the defendant: intentional deceit about various details of the litigation, multiple witnesses lying during testimony, etc.  See Urban Outfitters, Inc. v. BCBG Max

---

[2] Not only is § 285 identical to § 1117(a), but Congress also referenced § 285 in passing § 1117(a).  See Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014).

Azria Group, Inc., 2012 U.S. Dist. Lexis 19059, *3-*4 (E.D. Pa. 2010), aff'd Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc., 318 F.App'x 146 (3d Cir. 2011).

This is not an exceptional case. There is no evidence in the record that Sweet Street acted in bad faith, fraud, or with malice. To the contrary, the record shows evidence that Sweet Street initiated this lawsuit in good faith. The parties had a collaborative and cooperative relationship centered on creating a new and exciting product that would benefit both parties. Sweet Street believed, though incorrectly, that because of the NDA and the presumed oral exclusive contract that it had protectable intellectual property rights in the pretzel product that was being produced. Based on this good faith belief and Better Bakery's choice to market and sell its own similar pretzel sandwich, Sweet Street initiated this action. Although Sweet Street did not prevail, this case is not exceptional because there is no showing of culpable conduct by Sweet Street. Better Bakery's motion to recover attorney's fees under the Lanham Act is also denied.

**D. Recovery of Attorneys' Fees Under the PUTSA**

Better Bakery next argues that it has a right to recover attorney's fees under the Pennsylvania Uniform Trade Secrets Act. The PUTSA states, in relevant part, "[a] court may award reasonable attorney's fees, expenses, and costs to the prevailing party: (1) if a claim of misappropriation is made in bad faith; . . . ." 12 Pa.C.S.A. § 5305(1). A claim is brought in bad faith where there is proof of: (1) the objective speciousness of the claim; and (2) the subjective misconduct by the plaintiff in making the claim. Hill v. Best Medical Intern. Inc., 2011 U.S. Dist. LEXIS 147853, *10 (W.D. Pa. 2011). Objective speciousness exists where there is a complete lack of evidence supporting the plaintiff's

claims. Id. at 11 (quoting Contract Materials Processing v. Kataleuna GmbH Catalysts, 222 F. Supp.2d 733, 744 (D. Md. 2002)). Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit. Id. (quoting Computer Econs., Inc. v. Gartner Group, Inc., 1999 U.S. Dist. LEXIS 22205, *17 (S.D. Cal. Dec. 14, 1999)); see also Krafft v. Downey, 68 A.3d 329, 333 (Pa. Super. 2013).

1. Objective Speciousness

The test for objective speciousness, as stated above, is whether there is a complete lack of evidence to support the plaintiff's claims. Here, the objective speciousness prong has been met in relation to Sweet Street's misappropriation of trade secrets claim. Under Pennsylvania law, "the elements of misappropriation of trade secrets are: '(1) the existence of a trade secret; (2) communication of the trade secret pursuant to a confidential relationship; (3) use of the trade secret, in violation of that confidence; and (4) harm to the plaintiff.'" Latuszewski v. VALIC Fin. Advisors, Inc., 393 F.App'x 962, 965 (3d Cir. 2010) (quoting Moore v. Kulicke & Soffa Indus., Inc., 318 F.3d 561, 566 (3d Cir. 2003) (citing Van Prods. Co. v. Gen. Welding & Fabricating Co., 213 A.2d 769, 775 (Pa. 1965)); Restatement (First) of Torts § 757 (1939). A trade secret is:

> Information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

8

12 Pa. Cons. Stat. Ann. § 5302.

This court previously determined that "[b]ecause the design elements cannot be trade secrets since they are readily ascertainable and measurable by anyone looking at the product, and there is *no evidence* that Sweet Street created the manufacturing process to achieve those elements that Better Bakery then misappropriated, BB is entitled to summary judgment on Count VI." See Sweet St. Desserts, Inc. v. Better Bakery, LLC, 2015 U.S. Dist. LEXIS 95913, *30 (E.D. Pa. July 23, 2015) (emphasis added). There is therefore a complete lack of evidence to support Sweet Street's misappropriation of trade secrets claim and the objective speciousness prong has been met.

2. Subjective Misconduct

Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit. Hill, 2011 U.S. Dist. LEXIS 147853 at *11. In proving subjective misconduct, a prevailing defendant may rely on direct evidence of plaintiff's knowledge. Contract Materials, 222 F.Supp.2d at 744. In the absence of direct proof, subjective misconduct may also be inferred from the speciousness of the claim, the plaintiff's conduct during litigation, or evidence that the plaintiff made the claim for an improper purpose, e.g., to harass the opposing party or with the intent of causing unnecessary delay. Gemini Aluminum Corp. v. California Custom Shapes, Inc., 116 Cal. Rptr. 2d 358, 369 (4th Cir. 2002). In Krafft v. Downey, the Superior Court of Pennsylvania found subjective misconduct where there was proof that the plaintiffs were aware prior to filing that the process used was the subject of an expired patent, which therefore precluded the process from being a trade secret as a

matter of law. 68 A.3d at 338. Further, that process was publicly available to anyone with access to the internet or a bookstore. Id.

Here, there is no evidence to show that Sweet Street knew or was reckless in not knowing that its claim for trade secret misappropriation had no merit. Rather, Sweet Street had a reasonable belief that it had a protectable trade secret in the design and specifications of the pretzel sandwich when it initiated this suit. Sweet Street claimed that the proprietary design and engineering information it gave Better Bakery to improve the manufacturing process for the pretzel sandwich was a protectable trade secret. Although Sweet Street was not ultimately successful in its claims, that fact alone does not establish that Sweet Street acted in bad faith or misconduct in bringing its claim. Because only the objective speciousness prong of the two prong test has been met, Better Bakery's motion to recover attorney's fees under PUTSA is denied.

### E. Recovery of Attorney's Fees Pursuant to the Court's Inherent Powers

Better Bakery finally contends that it has a right to recover attorney's fees under this court's inherent powers. Among the implied and incidental powers of a federal court is the power to discipline attorneys who appear before it. Fellheimer, Eichen & Braverman, P.C., v. Charter Technologies, Inc., 57 F.3d 1215, 1224 (3d Cir. 1995) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Circumstances that may justify sanctions pursuant to a court's inherent powers include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." In re Prudential Ins. Co. Am. Sales Practice Litig., 278 F.3d 175, 189 (3d Cir. 2002) (quoting Chambers, 501 U.S. at 45). "[A] prerequisite for the existence of the district court's inherent power to

10

sanction is a finding of bad faith misconduct." Landon v. Hunt, 938 F.2d 450, 454 (3d Cir. 1991).

This court has already determined that Sweet Street did not act in bad faith or vexatiously in pursuing its claims against Better Bakery. It would therefore be inappropriate for this court to use its inherent powers to sanction Sweet Street. Therefore, I will deny Better Bakery's Motion to Recover Attorney's fees pursuant to the court's inherent powers.

An appropriate Order follows.